ANTONIO GONZALES *et als. v.* JACINTO LEON *et als.*

A SPECIAL VERDICT WHICH DOES NOT FIND ON ALL ISSUES.—In an action to recover a quartz ledge, when the defendants deny plaintiffs' title and ouster, and set up title in themselves to a part only of the ledge, a special verdict awarding defendants that portion of the ledge they claim without a general verdict, if accepted by plaintiffs, is a finding in favor of defendants, and entitles them to costs.

ACCEPTANCE OF IMPERFECT VERDICT.—The acceptance by the plaintiff of a special verdict which gives defendant part of the property in dispute without a finding on the other issues, is a withdrawal from the consideration of the Court of all that property in relation to which there is no finding.

WORDS "MORE OR LESS" AS APPLIED TO DISTANCE IN VERDICT.—A special verdict that defendants are entitled to all of a quartz ledge between their notices, being three hundred and fifty feet, more or less, gives defendants all between the notices, if more than three hundred and fifty feet.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

The defendants appealed.
The other facts are stated in the opinion of the Court.

*H. P. Barber*, for Appellants, argued that the verdict was for plaintiffs, because defendants claimed seven hundred and fifty feet of the ledge in their answer, and the jury only gave them three hundred and fifty feet.

*E. F. Hunter*, for Respondents, argued that as the verdict was accepted, and it gave defendants all the ground between their notices, it was for defendants.

By the Court, SAWYER, J.:

The complaint alleges that the plaintiffs were the owners and in possession of eighteen hundred feet of a certain gold bearing ledge, described, and that defendants entered upon and ousted them. They ask to be restored to the possession and for damages. The defendants deny the ownership and the possession of plaintiffs, and deny any ouster. They then affirmatively set up title by prior location to a portion of said ledge extending in a southerly direction seven hundred and fifty feet from a designated notice and say that plaintiffs afterward took up their claim of eighteen hundred feet, embracing the claim of defendants. They then aver that they have never interfered with or set up any claim to any portion of the ledge claimed by plaintiffs other than that portion thus described and claimed in their answer.

On the issues thus presented the cause was tried, and the jury rendered the following verdict: "We, the jurors in the above case, find that defendants are entitled to the quartz lode or ground as situated between their notices as posted by N.

Moreno on the 2d day of April, 1866, and being three hundred and fifty feet more or less." The plaintiffs consented that this verdict should be accepted as the verdict in the case, and it was thereupon so received by the Court and recorded. The Court regarded the verdict so accepted as a verdict in favor of the defendants, and accordingly rendered judgment in their favor for costs. The plaintiffs insist that as to all the lode outside of the two notices, this was a verdict in their favor; and as the verdict gave them a part of their claim, plaintiffs are entitled to judgment. But this cannot be so, for defendants deny the title of the plaintiffs, and deny an ouster; they deny any interference with any part of the plaintiffs' claim except that part for which they set up a claim in their answer. The verdict is not general. It does not find the plaintiffs to be entitled to the excess; or, admitting that it does, it still does not find that defendants have entered upon the excess over that part claimed in the answer, or ousted plaintiffs therefrom. It does not pass upon those issues at all. Nor does it appear that the jury found the defendants entitled to less than they claimed. It finds in favor of defendants for all between their notices. It is true the verdict adds, "being three hundred and fifty feet more or less." This shows that the jury did not intend to be exact, but that defendants were to have all between their notices, whatever the distance might be; and this verdict would carry it all between the points designated, even if it amounts to the seven hundred and fifty feet claimed; and there is nothing in the record to show that their notices did not embrace all that was claimed in the answer. Plaintiffs are not entitled to recover any portion of the excess over that portion found to belong to the defendants, unless they have been ousted from such excess, and neither the verdict or record shows directly or by implication an ouster. The appellant must affirmatively show error.

If the plaintiff had objected to the verdict on the ground that it did not pass upon all the issues, and the Court had refused to require the jury to render a verdict upon all the issues, it would undoubtedly have been set aside. But the

plaintiffs consented to accept it, and the verdict as accepted finds in favor of the defendants upon their claim without passing upon the other points at all, certainly not in favor of the plaintiffs. The acceptance of the verdict was a substantial withdrawal from their consideration of all that portion of the lode claimed by plaintiffs, which was not found to belong to defendants, and it does not appear but that the defendants recovered all claimed by them. The verdict appears to us to be in favor of the defendants.

The judgment does not appear upon the record to be erroneous. It is therefore affirmed.