## T. T. GAMMAGE V. MOORE & MOORE.

1. MISTAKE IN WRITTEN CONTRACT.—Where an agreement to pay a sum in gold is reduced to writing, but by mistake the word "gold" is not written in the contract, the instrument may be reformed to correspond with the real contract, and a decree may be rendered thereon accordingly.
2. PRESUMPTION IN FAVOR OF VERDICT.—On a suggestion of delay, when there is no statement of facts, nor averment in the petition as to the date of a contract on which the plaintiff below recovered, the contract will be presumed to have been executed under a statute which would permit the verdict to stand, and not under a statute repealing the former law, and which might defeat the verdict.

ERROR from Anderson. Tried below before the Hon. John G. Scott.

*Long & Long*, for plaintiff in error.

*Reagan & Greenwood*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—This was a suit on a note and for mechanics' lien, in which plaintiffs below obtained a judgment for both, as prayed for in their petition.

There is no statement of facts in the transcript, although there was a trial by a jury, after answer of defendant below contesting the claim of plaintiff, particularly on two points, that the judgment should not be rendered for gold, and that plaintiffs below had no right to the mechanics' lien.

The defendants in error having suggested delay, and thereby opened the record for the consideration of any substantial errors therein, upon investigation it is concluded that the only question in the case, in the absence of a statement of facts, is, will the petition sustain the verdict of the jury, supposing, as we must, that all the facts, well pleaded in it, were proved on the trial.

The note is given for "dollars," executed on the 24th day of April, 1872. The petition alleges that the note was given for the balance due upon the completion of "Maxa Hall," in the town of Palestine, under a contract in

writing previously made by them as master mechanics, for which they were to furnish the materials for the building and do work for the defendant below, T. T. Gammage, and that by mistake in drawing the note the word "gold," in connection with the word dollars, was left out, and that the contract for said building was in writing, and stipulated that the amount contracted to be paid for said building was therein contracted to be paid in gold.

It is a common doctrine in equity, that where there is a mistake made in drawing an instrument embodying a contract, such mistake may be alleged, and, if satisfactorily established by evidence, the instrument may be reformed to correspond with the real contract, and a decree may be rendered thereon accordingly.

Therefore, on this point there is no error. The petition shows that the note for said balance was executed on the 24th day of April, 1872, and that the contract for the building of said house was in writing, and executed before that time, but when, or how long before, is not stated. It also states the work was done and materials furnished in the last part of the year 1871, and the first part of 1872, being completed at the date of the note, 24th of April, 1872, and that the building contract, though in writing, was not recorded, being left in the hands of the defendant below, and gives him notice to produce it on the trial.

The defendant below files, as an exhibit to his answer, what purports to be a building contract, signed by T. T. Gammage alone, which is dated the 14th day of December, 1871, which appears in the record. This answer was denied, and replied to by the plaintiffs below. And, in the absence of a statement of facts, we have no authority for regarding this as the contract in writing, which we must, from the finding in the verdict of the jury, presume the plaintiffs below did establish in evidence on the trial in support of the allegations of their petition.

This court is asked by plaintiff in error to regard that

exhibit of his as the building contract referred to in the plaintiff's petition, and as it is dated after the passage of the last law on the subject of mechanics' lien, which went into operation on the 17th day of November, 1871, it is contended that it could not have created a lien under that law unless it had been recorded, although under the law, as it stood before that, it might have created a lien as between the parties by being reduced to writing, without out being recorded.

The objection to this position is, as before stated, that we cannot regard this exhibit as the contract referred to in the plaintiff's petition, it having been denied, and there being no statement of facts. And if we were prepared now to decide that, under the last law on the subject of mechanics' liens, recording was necessary to fix the lien as between the parties, which we do not decide, still the question would remain, that as the verdict requires us to presume that a contract was proved upon which it was founded, and the allegation of the petition, from its general and indefinite character, would admit proof of a contract executed before the passage of the last lien law, as well as after it, shall we not rather presume that it was shown to have been made under the former law, which would support the verdict, than under the last law that might defeat it? We think so; and, therefore, it is not necessary now to decide whether or not, under the last lien law, the contract should be recorded to fix the lien as between the parties to the contract. (See lien laws, Pas. Dig., arts. 4592, 7112.)

Having examined and re-examined this case repeatedly, we conclude that, under a strictly legal view of it, the record presents no such error as we are authorized to recognize as sufficient for its reversal.

Had the defendant below specially excepted to the petition for want of definiteness in stating the time at which the building contract was entered into, and the petition

had been amended in that respect, so as to show that it was made after the passage of the last lien law (17th November, 1871), then the question of the construction of that law would have been fairly presented.   This was not done.

The judgment is, therefore, affirmed, without damages.

Affirmed.