# JANUARY, 1919

---

Gulf, Colorado & Santa Fe Railway Company v. E. B. Muse.

No. 3134.  Decided January 8, 1919.

1.—Jurisdiction.

Jurisdiction of the court over a case, when once fully attached, continues until all issues of fact and law have been fully determined; and it is within the power of the court, at the same term, to revise or vacate any of its judgments or orders therein; including that of granting a new trial.  (P. 360.)

**2.—Same—Extension of Term of Court.**

Article 1726, Rev. Stats., authorizes, not the calling by the district judge of a new district term, but merely the continuance of the same term, so that during the period of extension under the article the court possesses the same power as during the original term. (P. 360.)

**3.—Same—Statute Construed.**

The words "conclusion of such pending trial" in the article 1726, Rev. Stats., are not restricted to an order which, if not set aside, might have such effect, but would include action on a motion for rehearing of such ruling filed immediately thereupon, and authorizes the setting aside of the order granting new trial on the original verdict. (Pp. 360, 361.)

**4.—Same.**

The extension of the term till the conclusion of a pending trial would not be taken as ended by an order of the court granting a new trial, where a motion for rehearing was promptly made, and the order for new trial set aside before final judgment was entered. (Pp. 360, 362.)

**5.—Mandamus—Other Adequate Remedy.**

The writ of mandamus is not restricted to cases in which the applicant has no other legal remedy. It may issue where other modes of redress are inadequate or tedious. (Pp. 362, 363.)

**6.—Mandamus—Jurisdiction of Higher Courts.**

The power given Courts of Civil Appeals, by article 1595, Rev. Stats., to require, by mandamus, a district judge to proceed to the trial of a cause does not preclude the Supreme Court from action in the same matter through the power conferred on them under article 5, section 3, of the Constitution, by article 1526, Rev. Stats. (P. 363.)

**7.—Case Stated.**

The end of a term of a District Court being near while a case was on trial, under authority of article 1726, Rev. Stats., the judge entered an order extending such term for such time as might be necessary to finish and complete its trial in the ordinary and legal manner, including action on all motions necessary or incident thereto. The trial had commenced March 19, 1917; the term was to expire March 31; the order extending it was made on that day; verdict was returned April 11; plaintiff filed motion for new trial within two days; this was submitted May 26, and was granted June 17; defendant immediately moved for a rehearing thereof; both parties, by leave of the court, took time to submit briefs and arguments; on October 5 the motion for rehearing was sustained and the order granting a new trial set aside, judgment entered on the verdict before returned, and the extended term declared closed. Plaintiff at a subsequent term sought to have the cause set down again for trial, under claim that the former order granting a new trial was effective. On refusal of the district judge to do so, plaintiff procured mandamus from the Court of Civil Appeals requiring him to proceed to retry the case. Defendant applies to the Supreme Court for mandamus requiring the contrary action. Held that the granting a motion for new trial did not preclude the District Court from rehearing that question; that the extended term of court continued till the final judgment in the case under the order; that the action of the Court of Civil Appeals did not preclude the Supreme Court from taking steps to require the judge to enforce his judgment duly rendered; and that writ of mandamus to that effect should issue. (Pp. 358-363.)

Original application to the Supreme Court for writ of mandamus against Muse as district judge.

Vol. 109-23.

*Terry, Cavin & Mills, F. G. Wren, E. M. Browder,* and *Lee, Lomax & Smith,* for relator.—There is never the end of a trial until the proceeding has reached the stage where a final judgment has been entered; that is, a judgment final as far as the trial court can make it final. And the judgment of a trial court is never final until the term of the court at which the judgment was rendered comes to an end. The trial court's control over the judgment and his right to set the judgment aside or modify it, or make changes in it during the term, can not be defeated, even by giving notice of appeal and filing an appeal bond. Blum v. Wettermark, 58 Texas, 125; Garza v. Baker, 58 Texas, 483; Testard v. Brooks, 70 S. W., 240; 14 Enc. Pl. & Pr., 948.

If the case had gone to trial in the latter part of January, judgment being rendered in January instead of in April, the court had acted on plaintiff's motion for new trial and had granted the motion, he could at any time prior to the time his court adjourned March 31st, with or without any request from the defendant, have set that judgment and order aside and have overruled the motion for new trial, reinstated the judgment, and made it final. Wood v. Wheeler, 7 Texas, 15; Blum v. Wettermark, 58 Texas, 127; Metcalf v. State, 17 S. W., 142; Puckett v. Reed, 37 Texas, 308; Bryorly v. Clark, 48 Texas, 345; Hooker v. Williamson, 60 Texas, 524; Nowlin v. Neely, 2 Texas App. C. C., sec. 313; Linn v. Lecompte, 47 Texas, 442; Henderson v. Banks, 70 Texas, 400, 7 S. W., 817; Homes v. City of Henrietta, 46 S. W., 872; Carlton v. Miller, 21 S. W., 699, 2 Texas Civ. App., 624; International & G. N. Ry. Co. v. Hugen, 100 S. W., 1000; Nowlin v. Hughes, 2 Will., sec. 313; Hume v. John B. Hood Camp, 69 S. W., 643; Watson v. Williamson, 76 S. W., 793.

Now certainly these cases settle the proposition that at a regular term the granting of a new trial does not end the jurisdiction of the trial court over the judgment theretofore rendered; that his power to re-establish that judgment is not lost; that the trial is not at an end, *because it is still undetermined whether there will be a mistrial or a judgment.* Then if the granting of a new trial at a regular term does not take away the jurisdiction of the court over that trial, how can it be said that it has that effect at an extended term? International & G. N. R. Co. v. Hugen, 100 S. W., 1000; Puckett v. Reed, 37 Texas, 309; Chandler v. Gloyd (Mo.), 116 S. W., 1073; Sterling v. Parker-Washington Co., 170 S. W., 1159.

The rule that the court has control of its judgments and decrees until its term ends and may grant a rehearing at any time before the end of of the term applies to all of the courts under our law. Gregory v. Webb, 89 S. W., 1110; Hines v. Morse, 92 Texas, 194; Homes v. City of Henrietta, 46 S. W., 871; Galveston & W. Ry. Co. v. City of Galveston, 90 Texas, 399.

The acts of Judge Muse in entertaining the motion for rehearing; ordering argument thereon; sustaining the same; setting aside the order granting a new trial; and overruling the motion for new trial, were, in

any event, the acts of a de facto court, and having been acquiesced in and agreed to and in nowise questioned until a ruling adverse to him was indicated, plaintiff can not and will not be allowed to question the conclusiveness and binding force of said orders. Moerecke v. Branyan, 108 N. E., 949; Smurr v. State, 105 Ind., 125; Ohio, etc., R. Co. v. Heaton, 137 Ind., 1; Venable v. Curd, 39 Tenn., 582; Louisville, N. A. & C. R. Co. v. Power, 21 N. E., 751; Schultz v. Lempart, 55 Texas, 279; Texas Cent. R. Co. v. Rowland, 22 S. W., 137; Coles v. Thompson, 27 S. W., 47; Ford v. Natl. Bank, 34 S. W., 685.

Under the principles of law regulating such writs, mandamus is the proper, available and required remedy when necessary to effect the enforcement of a valid and subsisting judgment and the full protection and establishment of the rights of the parties thereunder. Wright v. Swayne, 104 Texas, 414; Ketchum Coal Co. v. Christensen, 159 Pac., 541; People v. District Court, 104 Pac., 484; Texas Tram & Lumb. Co. v. Hightower, 96 S. W., 1071; 18 Ruling Case Law, sec. 235, 245; People v. Pettit, 107 N. E., 830; Swager v. Gilham, 116 N. E., 71; People v. Green, 117 N. E., 764; People v. Turney, 113 N. E., 105; Stafford v. Union Bank, 17 How., 275.

But the plaintiff with a money judgment is no more entitled to protection than the defendant who wants an end of litigation and who is ready to pay off the judgment and wants protection under its terms. Ex parte Payne, 29 So., 622; Scott v. Bedell, 33 S. E., 903, 108 Ga., 205; Williams v. McAuthor, 36 S. E., 301, 111 Ga., 28; Whitmore v. Stewart, 59 P., 261, 61 Kan., 254; Thompson v. Sleeper, 168 Mass., 273, 47 N. E., 106; Watson v. Randall, 7 N. W., 84, 44 Mich., 514; City of Kansas City v. Renick, 57 S. W., 713, 157 Mo., 292; State ex rel. Clement v. Stokes, 99 Mo. App., 236, 73 S. W., 254; People v. Loucks, 28 Cal., 68; Northern Pac. v. Gardner, 79 Cal., 213.

That mandamus is the proper remedy to enforce the doing of such things as are necessary to carry out a judgment when it is clear from the judgment record that the parties are entitled to its enforcement, was decided by the Supreme Court of this State in Moore v. Muse, 47 Texas, 210.

Mandamus will issue not only in cases where the party having a specific legal right has no other legal operative remedy, but where the other modes of redress are inadequate or tedious the writ will be awarded. Bradley v. McCrabb, Dallam, p. 504; High on Extraordinary Legal Remedies, 2nd ed., p. 15; Shortt on Mandamus, 262; 26 Cyc., 171; Ransom v. Mayor, 76 N. E., 823; Raisch v. Board of Education, 22 Pac., 890; Water Co. v. City of El Paso, 112 S. W., 816; Bailey v. Aransas Pass County, 102 S. W., 1160.

If, as we contend, this court under article 1526 has the power to require by mandamus the enforcements of final judgments disclosed by the records of the courts, then no action taken by the Court of Appeals or any other court could in any way affect the power or duty of this court.

*Marcus M. Parks, Geo. A. Harmon,* and *William H. Clark,* for respondent Collier.—This being a case where relator, for any infraction of its rights, has a perfect remedy by appeal to the Court of Civil Appeals and by writ of error to the Supreme Court, a writ of mandamus from the Supreme Court to the district judge requiring him to change his ruling during progress of trial on a preliminary motion to dismiss, or on plea of res adjudicata, filed by relator, will not lie, because the relator's remedy, if any it has as a matter of law, if the District Court has erred in its ruling on such motion or plea of res adjudicata, is by appeal to the Court of Civil Appeals and prosecution of writ of error to the Supreme Court. Milam County Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577; Steel v. Goodrich, 87 Texas, 401, 28 S. W., 939; Little v. Morris, 10 Texas, 263-267; State v. Morris, 86 Texas, 229, 24 S. W., 394; Aycock v. Clark, 94 Texas, 377, 60 S. W., 666; Darnell v. Lyon, 85 Texas, 465, 22 S. W., 308; Porter v. Klahn, 1 Texas Ct. of App. (civil cases), secs. 528-529.

The Supreme Court and the Courts of Civil Appeals, or the respective judges thereof, have exclusive original concurrent jurisdiction by virtue of our statutes to grant writs of mandamus requiring district judges to proceed to trial and judgment when in the opinion of either of said courts or any judge thereof a proper showing upon application for the writ has been made, and if the writ is granted the grounds therefor can not be either collaterally attacked or reviewed even on prosecution of writ of error from the Court of Civil Appeals to the Supreme Court after final trial in District Court and final decision of one of the Courts of Civil Appeals upon the whole case. In other words, the Supreme Court is without jurisdiction to question the grounds on which the Court of Civil Appeals or any judge thereof acted in the granting of the writ by any sort of proceeding inaugurated in the Supreme Court to get the question before the Supreme Court. Rev. Stats., arts. 1526-1595.

The trial of the cause which the court was in the midst of at the conclusion of the January term, and for which the January term had been extended to conclude, was ended by the granting of the motion for a new trial. If the granting of the motion for a new trial did not end the trial of the case, then a verdict and judgment having been rendered on the 11th day of April, 1917, and in the regular April term of said court which ended by operation of law on the 2nd day of June, 1917, then the elapse of the regular term of the court into which the January term had been extended with verdict and judgment rendered in that regular term on the 11th day of April, 1917, a motion for a new trial granted on the 2nd day of June, 1917, on the last day of that regular term of the court and the end of that regular term of the court without relator's motion to vacate the order granting the plaintiff's motion for a new trial having been acted upon, not only concluded the trial of said case, but as a matter of law overruled relator's said motion to vacate the order granting the new trial. Art. 1726, Vernon's Sayles'

Texas Civ. Stats. (1914); Cory v. Richardson, 191 S. W., 568; S. & E. T. Ry. Co. v. Joachim, 58 Texas, 452.

A motion for a new trial can not be continued to a subsequent term of the court. Lightfoot v. Wilson, 11 Texas Civ. App., 152, 32 S. W., 331; Luther v. Western U. Tel. Co., 60 S. W., 1029; Overton v. Blum, 50 Texas, 423; Eddleman v. McGlathery, 74 Texas, 280, 11 S. W., 1100; McKean v. Ziller, 9 Texas, 58; Coombs v. Hibbard, 43 Cal., 452; Nichols v. Dunphy, 58 Cal., 605; Whitney v. Superior Court, 147 Cal., 536, 82 Pac., 37; Hayne, New Trial and Appeal, par. 167 (many decisions cited under this paragraph).

An order advisedly made upon an application for a new trial is conclusive so far as that the court can not afterwards vacate the order and decree again on the motion. Metzger v. Wendler, 35 Texas, 378; Coombs v. Hibbard, 43 Cal., 452; City of San Antonio v. Dickman, 34 Texas, 647; Eddleman v. McGlathery, 74 Texas, 280, 11 S. W., 1100; Hayne, New Trial and Appeal, par. 167.

The court after granting a new trial at one term can not rescind the order and enter judgment at a subsequent term. Brooks v. Hanauer, 22 Ark., 174; Wells v. Melville, 25 Texas, 337; Bradford v. Malone, 130 S. W., 1013; Carter v. Kieran, 115 S. W., 272; Krugel v. Bolanz, 103 S. W., 435; Graham v. Coolidge, 70 S. W., 231; Luther v. Telephone Co., 60 S. W., 1026; Kuleman v. Carroll, 105 S. W., 222.

Any subsequent action of the trial court with reference to said order is void. Thomas v. Neel, 18 S. W., 138; Laclede National Bank v. Betterton, 24 S. W., 327.

The consent of the parties at a subsequent term could not confer jurisdiction upon the court to hear said motion. Luther v. Tel. Co., 60 S. W., 1026; Mex. Cent. Ry. Co. v. Mussette, 86 Texas, 714, 26 S. W., 1075; Texas & Pac. Coal Co. v. Lawson, 89 Texas, 403, 32 S. W., 871; Woodruff v. Harrell, 67 Texas, 299, 3 S. W., 48; Mercer v. Woods, 78 S. W., 15; Watson v. Baker, 67 Texas, 48; Burnely v. Cook, 13 Texas, 591.

Article 1726 must be strictly construed and the extension is only granted when the court is in the midst of a trial when the term of the court would expire by operation of law before the trial can be concluded, and the extension is not for the convenience or advisement of the trial judge on either the facts or the law. Cory v. Richardson, 191 S. W., 568.

As admitted by the relator, it was within the "judicial discretion" of the District Court to grant it the relief which it seeks by this mandamus, and after an exhaustive hearing the District Court overruled its motion and refused to grant it such relief. Why the District Court refused is wholly immaterial and should not be considered, reviewed or passed upon by the Supreme Court in this mandamus proceeding. It being within the "judicial discretion" of the District Court, then, the District Court's action refusing the relief asked can not be reviewed by the Supreme Court upon an application for a mandamus, and the application herein should be dismissed. Arberry v. Beavers, 6 Texas, 457;

Auditorial Board v. Arles, 15 Texas, 72; Auditorial Board v. Hendrick, 20 Texas, 60; Railroad Co. v. Randolph, 24 Texas, 317; Bledsoe v. Railroad Co., 40 Texas, 537; Railroad Co. v. Locke, 63 Texas, 623; Ewing v. Cohen, 63 Texas, 482; Wright v. Swayne, 104 Texas, 444; Milam County Oil Mill Co. v. Bass, 163 S. W., 577.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The District Court of Dallas County was engaged in the trial by jury of a cause numbered 22277B, wherein H. L. Collier was plaintiff and the Gulf, Colorado & Santa Fe Railway Company was defendant, at its January term, 1917, without time to complete the trial before the expiration of the term, whereupon the presiding judge extended the term by the following order, duly entered on the minutes on March 31, 1917, towit:

"Whereas, the trial of the above entitled and numbered cause commenced on March 19, 1917, and

"Whereas, the end of the January term, 1917, is at hand, said term ending March 31, 1917, and

"Whereas, the trial of the above numbered and entitled cause has not been concluded but is still in progress, and

"Whereas, it will take some time to conclude the trial of said cause.

"Therefore, I, E. B. Muse, the presiding judge of the Forty-fourth District Court, with the power vested in me by the statutes of the State of Texas, under article 1726, do deem it expedient and necessary that the rights of all parties may be preserved and protected, do extend the January term, A. D. 1917, of said court until the conclusion of said pending trial; the extension of said January term being intended to cover such time as necessary to finish and complete the trial of said above numbered and entitled cause, and extension of said trial will include and is intended to include the conclusion of this trial in the ordinary, legal and statutory manner, the submission of the cause to the jury, their deliberation, and finding upon same, the filing of a motion for new trial, if same becomes necessary by either party, and the action of the court upon such motions as may be necessary and become incident thereto under the statute growing out of said trial. This term is extended to include everything under the law that is necessary to be done to make a full and complete conclusion of said pending trial now in progress in this court."

On April 11, 1917, the jury returned a general verdict in favor of the plaintiff, against the defendant, for the sum of four thousand dollars, and the verdict was duly noted on the docket.

Within two days after the verdict was rendered, the plaintiff filed a motion for a new trial, which was afterwards amended, and, on June 2, 1917, the court made and entered an order finding that the motion was well taken and adjudging that a new trial be granted.

Immediately after the announcement by the court of this order, on plaintiff's motion for a new trial, the defendant, on June 2, 1917, filed

a motion for a rehearing and to set aside said order, and, the court directed counsel for the respective parties to submit in writing such briefs and arguments on defendant's motion as they might desire to present. In compliance with the court's direction, counsel on both sides submitted written briefs and arguments, the last being in behalf of plaintiff and being filed on September 15, 1917.

. The court took defendant's motion, and the briefs and arguments thereon, under advisement until October 5, 1917, when it granted the motion by the following order, towit:

"The court having had under advisement the motion of defendant filed herein June 2, 1917, asking for a reconsideration of, and a rehearing on, the order of this court made June 2, 1917, sustaining plaintiff's motions for a new trial and granting the plaintiff a new trial and of said motions, and said motion and the arguments of counsel for plaintiff and defendant thereon having been duly considered by the court and the court being fully advised in the premises: now on this date, in open court, it is ordered, adjudged and decreed by the court that said defendant's motion for rehearing be granted and that the order at this extension of term heretofore made on June 2, 1917, granting plaintiff a new trial herein be set aside, and held for naught and plaintiff's original and amended motions for new trial being now fully considered, they and each of them are in all things overruled, to which ruling of the court the plaintiff, H. L. Collier, in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District sitting at Dallas. And on motion of plaintiff, ninety days is hereby granted to plaintiff from and after this date in which to prepare and file statement of facts and bills of exception. And now by this order the said above cause being finally disposed of in this court under the extension of the January term of this court made March 31, 1917, for the completion of the trial of said cause and all orders and motions incident thereto as per the terms of said order, the said extension of said January term of this court is now here declared closed on this October 5, 1917."

The court, on the same day, viz: October 5, 1917, caused to be entered on the minutes "as of April 11, 1917," a final judgment, in conformity with the verdict, in favor of the plaintiff and against the defendant for $4000, with interest from April 11, 1917, at the rate of six per cent per annum and all costs, for which execution was ordered to issue. Prior to October 5, 1917, no judgment had been entered on the verdict.

At the October term of the court the plaintiff filed a motion to set said cause for trial, which was overruled, and thereupon plaintiff filed his original proceeding for mandamus against the district judge in the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas, and, in said proceeding, on October 27, 1917, obtained the following judgment, towit:

"This cause came on to be heard, the application of relator H. L. Collier for a writ of mandamus, to compel the respondent, Hon. E. B.

Muse, judge of the Forty-fourth Judicial District, Dallas County, to proceed to trial and judgment in the case of H. L. Collier v. Gulf, Colorado & Santa Fe Railway Company, No. 22277B, now pending in said court, and the same being inspected, because it is the opinion of this court that the trial of said cause was concluded upon the granting of plaintiff's motion for a new trial by said court, that the extended term of that court thereupon ended, and all subsequent orders made in the case were without authority of law and void; it is therefore considered, adjudged and ordered that the application be granted, and that the writ of mandamus issue, commanding the respondent to proceed to the trial of said cause No. 22277B."

On September 4, 1918, the Chief Justice of the Supreme Court, in vacation, granted a temporary writ of prohibition, directing the district judge to desist from a new trial of the cause, which he had ordered in compliance with the judgment of the Court of Civil Appeals, until this proceeding could be heard and determined by this court.

It will aid in the correct determination of the validity of the order of the trial court, setting aside its previous order for a new trial, to bear in mind the following thoroughly established principles: first, that ordinarily the jurisdiction of a court over both subject matter and parties, once fully attached in a cause, continues until all issues both of fact and of law have been finally determined; second, that article 1726, Revised Statutes, authorizes, not the calling by the district judge of a new, distinct or independent term, but merely the continuance of the same term, so that during the period of extension under the article the court necessarily possesses the same power as during the original term, 15 C. J., 886; Bank v. Withers, 6 Wheat., 106; Keith v. Ala., 91 Ala., 2, 10 L. R. A., 432; and, third, that it is within the power of the court, at the same term, to revise or vacate any of its judgments, decrees or orders, including orders granting new trials. Blum v. Wettermark, 58 Texas, 125; Nowlin v. Hughes, 2 Willson C. C., sec. 313; Hume v. John B. Hood Camp Confederate Veterans, 69 S. W., 643; Watson v. Williamson, 33 Texas Civ. App., 269, 76 S. W., 794; International & G. N. Ry. Co. v. Hugen, 45 Texas Civ. App., 329, 100 S. W., 1000.

It follows that if the order vacating the award of the new trial was made before the end of the extended term its validity is beyond question. The district judge extended the term "until the conclusion of said pending trial." The honorable Court of Civil Appeals determined that the "trial of said cause was concluded upon the granting of plaintiff's motion for a new trial," and that was on June 2, 1917.

The language of article 1726 has not heretofore been construed by this court; but, we think that the words "conclusion of such pending trial," as used in said article, can not be properly given such a restricted meaning as is required to support the decision of the Court of Civil Appeals.

Giving the word "trial" its ordinary and accepted meaning in law of

"the judicial investigation and determination of the issues between parties" (Century Dictionary; 28 A. & E. Enc. of Law, 636), it would just as much include the action of the court on a motion, presented immediately after an order had been rendered granting a new trial, to set aside such order, as it would include the action of the court in granting a new trial. The court possessed the same control over the order as over the final judgment, and there is no essential difference in the limitations imposed in each case, by the expiration of the term, on the exercise of such control. The duty of the court to correct error or injustice in its previous action was the same, whether the error or injustice inhered in the final judgment, or in steps leading thereto, or in the award of the new trial.

The decisions of this court furnish no warrant for holding that the trial of this case was concluded on June 2, 1917. Not only did the Presiding Judge consent to consider a motion for rehearing immediately after announcing the award of the new trial, and not only was the motion for rehearing forthwith and on the same day filed, but the record shows that no final judgment on the verdict was entered until the 5th day of October, 1917. Had it not been decided, it would seem clear that the District Court could not intend to close an extension of a term ordered for the express purpose of making "a full and complete conclusion" of a pending trial *before* the entry of final judgment. However, when the question was presented to this court as to whether a trial had been concluded prior to the entry nunc pro tunc of final judgment, in order to determine whether a statement of facts had been filed within the prescribed time after the adjournment of the term at which the trial was had, it was answered in the negative. The opinion, by Chief Justice Brown, declares: "Plaintiff in error contends that the trial court had no authority after the adjournment of the term at which the trial was had, to make up a statement of facts proved at the hearing. Article 1379, Revised Statutes, contains this provision: 'After the trial of any cause, either party may make out a written statement of facts given in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection,' etc. It is also provided by an Act of the Twenty-eighth Legislature that 'by an order entered during the term, the court may authorize a statement of the facts to be made up in vacation, within twenty days after the adjournment of the term.' (Laws 28th Leg., 32.) It is true that without such order no statement of facts can be made after an adjournment of the term of the court at which the trial is concluded; but the phrase, "after the trial," denoting the time when the statement may be made, is broad enough to embrace the entry of the judgment nunc pro tunc as a part of the trial, justifying the court in making and certifying to the statement of facts after judgment was actually entered. (Hill v. State, 41 Texas, 255; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 454; Jenks v. State, 39 Ind., 1.)" Palmo v. Slayden & Co., 100 Texas, 15, 92 S. W., 797. The case of Hill v. State, 41 Texas, 255, decides that "the trial may well be held

incomplete until all the issues of law as well as of fact have been determined and the final judgment entered."

The Court of Appeals had asked the question, "Does the *trial* embrace the final *judgment?* And had answered: We think so, unquestionably. The trial has not terminated until the final judgment has been entered and the sentence pronounced." Mapes v. State, 13 Texas Civ. App., 91.

The Supreme Court of California likewise concluded that "until the decision itself has been entered in the minutes, or reduced to writing by the judge and signed by him and filed with the clerk, the case has not been tried to a legal intent." Hastings v. Hastings, 31 Cal., 98.

Giving the order on defendant's motion the benefit of the presumption always indulged, in the absence of anything to the contrary, that it was regularly and lawfully made, we would be required to presume, if necessary to uphold same, that, being dated the same day as the order for the entry of the judgment, it was rendered prior thereto. Winder v. Winder, 86 Neb., 496, 497, 125 N. W., 1095; Skinner v. Roberts, 92 Ga., 366, 17 S. E., 353; Forrer v. Coffman, 64 Va., 878; Gammage v. Moore, 42 Texas, 170. And we could not say that being rendered prior to the entry of final judgment it failed to antedate the full and complete conclusion of the trial. Until the trial was fully and completely concluded, the extension of the term had not expired by the unequivocal terms of the order.

We conclude that, on the facts shown by this record, the extension of the January, 1917, term had not expired when the court, on October 5, 1917, vacated the order for a new trial, and hence the final judgment on the verdict of the jury is in full force and effect.

And we have no doubt that the defendant is entitled to enforce by mandamus his clear legal right to have the reinstated judgment respected and enforced. It is no sound objection to the award of the mandamus that the defendant might finally secure a review of an adverse judgment following a retrial, by means of appeal to the Court of Civil Appeals and writ of error to the Supreme Court. For, it has been the law of Texas since Bradley v. McCrabb, Dallam, 507, that the writ of mandamus "will not only issue in cases where the party having a specific legal right has no other legal operative remedy, but when the other modes of redress are inadequate or tedious the writ will be awarded." Not only would the remedy to defendant of appeal and writ of error, after another trial, be manifestly tedious, but such remedy would also be inadequate; for it is the very essence of defendant's right that it is entitled not to have to respond further to plaintiff's cause of action than by payment of his judgment. Justice Ramsey, in speaking for the court in Wright v. Swayne, 104 Texas, 444 (140 S. W., 222, Ann. Cases, 1914B, 288), said: "If the court should wilfully refuse to execute its own judgment according to their true intent and effect, we would have the authority and it would be our duty to direct it to proceed to execute the judgment and sentence of the law."

But, it is insisted that since article 1595, Revised Statutes, confers on our Courts of Civil Appeals, or any judge thereof, in vacation, original jurisdiction to compel a district judge to proceed to trial in any cause, and since in the exercise of that jurisdiction a mandamus has been awarded by the Court of Civil Appeals of the Fifth District commanding the district judge to try this cause, we are bound by that award.

Section 3 of article 5 of the Constitution authorized the Legislature to "confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." Under that authority the Legislature has conferred on this court original jurisdiction to issue writs of mandamus, "agreeable to the principles of law, regulating such writs, against any district judge, or Court of Civil Appeals, or judge of a Court of Civil Appeals or officer of the State government, except the Governor of the State." Art. 1526, Rev. Stats.

It is inconceivable, in view of the express language of this article and the respective jurisdictions of the Supreme Court and of the Courts of Civil Appeals that it was ever intended by the Legislature that this court should be precluded from granting full relief to one whom it found entitled to the writ of mandamus, under the law governing that writ, by reason of a contrary opinion of the Court of Civil Appeals. While the acts of those courts, under the authority conferred by article 1595, are entitled to, and will always receive, our utmost consideration, they can not control the exercise of this court's original jurisdiction; and, of course, when a judgment is pronounced in the exercise of that jurisdiction, all writs necessary for its enforcement may be issued. Pickle v. McCall, 86 Texas, 212, 24 S. W., 265; Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 224.

It is therefore ordered that the clerk of this court issue the writ of mandamus, directed to the respondent, commanding him to enforce the final judgment heretofore entered on the minutes of the District Court of Dallas County, Forty-fourth Judicial District, in cause No. 22277B, styled H. L. Collier v. Gulf, Colorado & Santa Fe Ry. Co., and to proceed no further with a new trial of said cause so long as said judgment remains unreversed.