EDWARDS v. EDWARDS et al. (No. 1867.)*

(Court of Civil Appeals of Texas. El Paso. Oct. 14, 1926. Rehearing Denied Nov. 24, 1926. Second Rehearing Denied Dec. 9, 1926.)

1. Parent and child ⚖➞2(3)—Child's best interest is of paramount importance in cases involving its custody.

In cases involving care and custody of child, its best interest is of paramount importance

2. Parent and child ⚖➞2(4)—Court's discretion in determining child's best interests in suit involving custody must be exercised in accordance with rules of law.

Discretion with which court is vested in determination of question of child's best interests in suit involving its custody is not absolute, but must be exercised in accordance with rules of law.

3. Parent and child ⚖➞2(4)—Failure to award mother custody of son held error, where she was awarded three year old daughter.

Court held to err in refusing to grant mother custody of son, where he awarded her custody of three year old daughter.

On Rehearing.

4. Appeal and error ⚖➞493—Appellate court held to have jurisdiction of appeal of case tried at special term, in view of copies from lower court's minutes showing order calling and order continuing term.

Court of Civil Appeals held to have jurisdiction of appeal of case tried at special term, as against contention that transcript did not contain order calling term, where appellant filed certified copies from minutes of lower court, showing proceedings below, including order calling and order continuing term.

5. Courts ⚖➞65—Special term for trial of divorce suit held to end on day order overruling motion for new trial was delivered to clerk for entry.

Special term of district court for trial of divorce suit held to end on May 9th, when order overruling motion for new trial was delivered to clerk for entry, rather than May 8th, when such motion was overruled, where caption of clerk's transcript recited that term ended on 9th, and appeal bond filed May 29th was therefore in time.

6. Appeal and error ⚖➞390—Amended appeal bond can only be filed by leave of appellate court (Rev. St. 1911, art. 2104).

Appeal bond is amendable, if defective, in view of Rev. St. 1911, art. 2104, but amended bond can only be filed by leave of appellate court.

7. Courts ⚖➞66(7)—Extended special term for trial of divorce suit held not to expire when jury was discharged after failure to reach verdict.

Extended special term of district court for trial of divorce suit held not to expire by operation of law when jury was discharged after failure to reach verdict, where judgment was

---

⚖➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not entered for· four days, custody of child as between defendant wife and intervening paternal grandparents was not settled, and no order of mistrial was entered.

**8. Courts ⬤⇒66(7)—Extended term may continue within limit fixed, so long as there remains something to be done respecting final disposition of case on trial when term would have expired.**

Extended term of district court may continue in session within limit fixed, so long as there remains something right and proper to be' done respecting final disposition of case which was on trial at expiration of time when term would have expired, but for extension.

Appeal from District Court, Howard County; Chas. Gibbs, Judge.

Suit for divorce by W. K. Edwards against Ruth Edwards, in which plaintiff's parents intervened. Plaintiff dismissed his suit, and from an order granting custody of one child to paternal grandparents, defendant appeals. Reversed and rendered.

W. E. Loose, of El Paso, and H. R. Debenport, of Big Spring, for appellant.

Goldstein & Smith, of El Paso, Beall, Beall & Beall, of Sweetwater, and E. R. Bryan, of Midland, for appellees.

PER CURIAM. W. K. Edwards sued his wife, Ruth Edwards, for divorce. The parties had two children, a boy and a girl. The boy was born February 23, 1921; the girl, May 11, 1922. Mrs. Edwards resisted the divorce, and asked that the custody of the children be awarded to her. The paternal grandparents of the children intervened in the suit, setting up that the mother was not a suitable person to have the custody of the children, and asked that their custody be awarded to them. The plaintiff dismissed his suit for divorce.

Upon the issue between interveners and the mother, judgment was rendered awarding the custody of the boy to the interveners, and custody of the girl to the mother. Ruth Edwards appeals. She has filed numerous assignments of error and a very lengthy brief, but the only question at issue is the correctness of the court's action in denying to her the custody of her son and awarding same to the interveners. The determination of this question calls for no extended discussion.

[1, 2] The trial court found that it was "to the best interest" of the boy that it be placed in the care and custody of its grandparents, and as to the girl, on account of her tender age, it was to her best interest, "at present, at least," that she be placed in her mother's custody. In cases involving the care and custody of a child, its best interest is of paramount importance. The discretion with which the trial court is vested in the

determination of that question is no absolute, but must be exercised in accordance with the rules of law. Walker v. Jones, 1 Ga. App. 70, 57 S. E. 903; Ann. Cas. 1914A, 761. In State of Texas ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901, Judge Brown said:

"God, in his wisdom, has placed upon the father and mother the obligation to nurture, educate, protect, and guide their offspring, and has qualified them to discharge those important duties by writing in their hearts sentiments of affection and establishing between them and their children ties which cannot exist between the children and any other persons. Especially is this the case with the mother. Parents cannot divest themselves of the obligation imposed upon them by their Creator, but when they become disqualified for a proper discharge of such duties, civil government has the right, in the interest of the child, to provide for its proper nurture and education. When the parent has parted with the possession and control of his or her child, and seeks to regain that possession through the courts, it becomes the duty of the court, in a proper case, to protect the child against the evil results that may flow to it from an improper direction, through incompetent or disqualified parents. The rule which should guide the court is aptly expressed in the case of Weir v. Marley [99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672], which we have quoted, and is supported by the case of State v. Richardson, 40 N. H. 275, in this language: 'The discretion to be exercised is not an arbitrary one, but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided, until it is made plainly to appear that the father is no longer worthy of the trust. The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons. Upon the father the child must mainly depend for support, education, and advancement in life, and as security for this he has the obligation of law as well as the promptings of that parental affection which rarely fail to bring into the service of the child the best energies and the most thoughtful care of the father. In any form of proceeding, the sundering of these. ties will always be approached by the courts with great caution, and with a deep sense of' responsibility.' The rule laid down is sustained by the authorities, of which we cite the following: Richards v. Collins, 45 N. J. Eq. 286 [17 A. 831, 14 Am. St. Rep. 736]; Miller v. Wallace, 76 Ga. 479 [2 Am. St. Rep. 48]: State v. Banks, 25 Ind. 500; Rust v. Vanvacter, 9 W. Va. 612; State v. Libbey, 44 N. H. 324 [82 Am. Dec. 223]; Moore v. Christian, 56 Miss. 408, 31 Am. Rep. 375; Chapsky v. Wood, 26 Kan. 653 [40 Am. Rep. 321]; in the Matter of Bernice S. Scarritt, 76 Mo. 577 [43 Am. Rep. 768]. The facts found do not establish with that certainty which the courts

must require that the interest of the child, Austin Dillard, or of society itself, demands that he shall be taken from his mother and continued in the possession of another."

In that case the judgment of the district court and the judgment of affirmance by the Court of Civil Appeals were reversed, and the custody of the child was awarded to the mother.

[3] In view of the award of the little girl to the mother, it cannot be assumed the court considered her as laboring under any disqualification to properly discharge her duty to the boy. If the mother was a fit person to care for her daughter, she was by the same token a fit person to care for and rear her son. The trial court seems to have attached some importance to the tender age of the little girl in awarding her custody to the mother. Upon the date of the trial the girl lacked only a few days of being 3 years old; the boy was only fifteen months older. We can see no reason why this slight difference in the ages of the children should have had bearing upon the issue. Furthermore, upon an examination of the whole evidence we are convinced that it does "not establish with that certainty which the courts must require that the interest of the child, or of society itself, demands that he should be taken from his mother and continued in the possession of another."

It will serve no good purpose to state the evidence disclosed by the record. It is sufficient to say that in the opinion of this court, after full and mature consideration of the same, it fails to show that this mother is disqualified or incompetent to properly discharge her full duty to her son, as well as her daughter; that it is to the best interest of the son that he receive the care and affection which only a mother can give him, and which his mother is fighting to bestow upon him.

The judgment decreeing the care and custody of the minor, William Knox Edwards, Jr., to the interveners, is reversed, and here rendered in favor of the appellant. In no other respect is the judgment of the lower court disturbed.

Reversed and rendered.

## On Rehearing.

HIGGINS, J. So far as concerns the merits of this appeal, we adhere to the ruling heretofore made, and deem it unnecessary further to discuss that phase of the case. In the motion for rehearing appellees question the jurisdiction of this court of the appeal, and we deem it advisable to state the reasons for overruling the attack thus made upon the validity of this court's judgment.

[4] This case was tried at a special term of court. Prior to submission of the appeal in this court, the appellees filed a suggestion that this court was without jurisdiction, because the transcript did not contain the order calling the term. In reply to this suggestion appellant filed certified copies from the minutes of the lower court, showing the following proceedings:

"Be it remembered that upon the 16th day of April, 1925, there was begun and holden a special term of the district court of Howard county, Texas. Present and presiding: Hon. W. P. Leslie, judge of the Thirty-Second judicial district of Texas; Frank House, sheriff; J. I. Prichard, district clerk. Whereupon the following proceedings were had, to wit:

"Whereas, the regular judge of the Thirty-Second judicial district of the state of Texas has heretofore and now deems it advisable to call a special session of the district court of Howard county, Texas, to convene at Big Spring, Texas, on this the 16th day of April, 1925, and to continue in session from this date down to and including April 25, 1925, and as much longer thereafter as is necessary to complete the business properly coming before such court during said time and session; and whereas, it is deemed advisable and expedient by the judge of said court that a petit jury be selected and summoned as by law required for the discharge of such business and the trial of such cases as may properly come before said special term of said court:

"It is therefore ordered and decreed by Hon. W. P. Leslie, the judge of said district court, that a special term of the same for said county to be held, beginning this the 16th day of April 1925, and continuing down to and including April 25, 1925, or until the business before such court is disposed of, and for the special purpose of trying and disposing of the following civil cases, now pending in this court, to wit: No. 949, styled W. K. Edwards v. Ruth Edwards, on the docket of said court, and for the purpose of transacting such other business and trying such other cases, civil or criminal, as may be upon said docket and properly coming before said court at said special term.

"This order made and entered this the 16th day of April, 1924, at the courthouse in Big Spring, Howard county, Texas."

Next follows an order of the same date appointing jury commissioners, their report, etc. Then appears the following:

"Be it remembered that on this the 22d day of April, 1925, Hon. W. P. Leslie was unable to be present and preside over this court, and be it further remembered that by agreement an exchange of benches was arranged with Hon. Chas. Gibbs, judge of the Seventieth judicial district, and pursuant to said arrangement the said Chas. Gibbs appeared at 9 a. m. April 22, 1925, and took charge of this court, and presided over the same as judge thereof in the absence of Hon. W. P. Leslie, regular judge thereof, and that under the supervision of Chas. Gibbs as such presiding judge the following proceedings were had:

\*    \*    \*    \*    \*    \*

"April 25, 1925.

"Be it remembered that on this the 25th day of April, 1925, the case of W. K. Edwards v. Ruth Edwards, No. 949, being on trial, and it appearing to the court that the time allotted to this special term of court will expire before

the case can be finished and the record for appeal completed, it is therefore ordered that this special term of court be and same is hereby continued in session until May 9, 1925."

In the transcript there appears a temporary writ of injunction, issued against Ruth Edwards, whereby she was—

"restrained from taking into your possession W. K. Edwards, Jr., or in any wise disturbing the possession of plaintiff of said minor child, W. K. Edwards, Jr. And if you shall at the present time, or at any time prior to the service of this writ of injunction upon you, have taken into your possession said minor child, W. K. Edwards, Jr., you shall, upon the service of this writ of injunction, and within six hours thereafter, return said child to the possession of the said W. K. Edwards. And you shall retain in your possession Norma Evelyn Edwards until the further orders of this court. And you are hereby restrained from removing, permitting to be removed, or in any wise placing said children and each of them out of Howard county, or out of the jurisdiction of this court, until further ordered by this court."

On September 13, 1924, upon motion of Ruth Edwards, this injunction was modified as follows:

"It is ordered that said injunction ordered on the 24th day of May, 1924, be continued in so far as it awards to W. K. Edwards the custody of the minor W. K. Edwards, Jr., and the custody of the minor Norma Evelyn Edwards to Ruth Edwards, and in so far as each party shall be enjoined from interfering or molesting the other in the custody of the minor awarded to the other pending the determination of this suit.

"It is ordered, however, that said injunction be and same is hereby modified, so that the defendant, Ruth Edwards, may freely and without molestation or intimidation and privately visit and associate with her son W. K. Edwards, Jr., upon giving one day's notice either to the plaintiff, or W. P. Edwards, or Mrs. Nannie D. Edwards, at reasonable hours, and that the plaintiff, W. K. Edwards, may freely and without molestation or intimidation and privately visit and associate with his minor daughter, Norma Evelyn, at reasonable hours, upon giving to defendant one day's notice."

The final judgment reads:

"Be it remembered that on this the 22d day of April, 1925, the above styled and numbered cause came on for trial, and all parties appeared in person and by attorneys; whereupon a jury was chosen and impaneled to try the case, and after the introduction of evidence and argument the jury returned to consider their verdict, and after being out more than 12 hours reported their inability to reach a verdict, whereupon the jury was discharged on the 26th day of April, 1925.

"And be it further remembered that the consideration of the case was continued to this the 30th day of April, 1925, whereupon the case was again taken up for further consideration, all parties again being in court in person and by attorneys, and the case being called for further consideration, the plaintiff took a non-suit as to his suit for divorce, and order thereon has been duly entered.

"And be it further remembered that at said time motions were presented by all parties for judgment to be rendered by the court upon the evidence, all parties claiming a right to the custody of the children under the evidence; all of said motions were by the court overruled, and exception thereto duly taken by the parties agreed, and the court thereupon proceeded to a consideration of the issue of the custody of the minor children in question, and after considering the evidence that was offered during the trial and argument of counsel:

"It is ordered, adjudged, and decreed by the court that the custody of the minor child, William Knox Edwards, Jr., be and same is hereby awarded to his grandparents, W. P. Edwards and wife, Nannie D. Edwards.

"And it is further ordered, adjudged, and decreed by the court that the custody of the minor child, Norma Evelyn Edwards, be and the same is hereby awarded to its mother, the defendant, Mrs. Ruth Edwards."

The judgment then proceeds further, and awards $1,000 to Ruth Edwards as attorney's fees, notes her exception to the judgment and notice of appeal, and grants 90 days for filing statement of facts and bills of exception. Upon the filing of the certified copies above mentioned, this court was of the opinion that they met the jurisdictional question suggested by appellees and disregarded the suggestion. We see no occasion to recede from this view.

Defendant's amended motion for new trial was filed May 8, 1925, in which it was recited it was in lieu of her original motion filed May 2, 1925; the original motion not appearing in the transcript. The order overruling the motion is dated May 8, 1925. It notes the defendant's exception and notice of appeal. Appellant's original appeal bond was filed May 29, 1925.

[5] In the motion for rehearing it is asserted the appeal was not filed within the 20 days required by law, because the case was disposed of during an extension of the term beyond the original limit set, and upon the overruling of the motion for new trial on May 8th the term upon that date expired by operation of law. In support of the assertion that the term expired on May 8th, appellees cite the recent case of Stephenson v. Nichols, 286 S. W. 197, by the Commission of Appeals. But that case and other cases cited in the opinion clearly hold that the trial was not concluded until the order overruling the motion for new trial was entered upon the minutes of the court.

Appellant has filed an uncontroverted affidavit of her counsel, Judge Debenport, showing that, while the order overruling the motion was dated May 8th, it was not delivered to the clerk for entry until May 9th. Furthermore the caption of the clerk's transcript recites that the term ended May 9, 1925. We therefore conclude that the term did not

end until the entry of the order on May 9th (Railway v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613; Palmo v. Slayden & Co., 100 Tex. 15, 92 S. W. 796; Railway v. Joachimi, 58 Tex. 454; Hill v. State, 41 Tex. 255), and, as the original bond was filed in 20 days thereafter there is no merit in the contention that the bond was not filed in time.

[6] It is also contended by appellees that the bond filed May 29th was defective. We do not so regard it, but, if so, it was amendable (article 2104, R. S. 1911) and on August 6, 1925, appellant filed in the lower court an amended appeal bond. Prior to submission in this court appellees filed a motion to dismiss because of alleged defectiveness of the original bond, and in reply appellee called attention to the amended bond and asked, if the original bond be held defective, that leave be granted to file in the trial court such amended bond. Said motion of appellees was overruled without comment, because we were of the opinion that the original bond was not defective, and for the further reason that, if defective, it was cured by the amendment. The amended bond, however, could only be filed by leave of the appellate court, which had not been granted. Such leave is here now granted nunc pro tunc, as of the date it was filed.

[7] It is further insisted in the motion for rehearing that the term automatically expired by operation of law on April 26th, when the jury was discharged upon their failure to return a verdict. If an order of mistrial had been made and entered in the minutes when the jury failed to agree, and there was no further action to be taken in the case, then possibly the term would have then expired by operation of law, under the authority of Stephenson v. Nichols, supra. But no such order was entered, and, aside from the issue of divorce, there was before the court the question of the children's custody. The judgment, after showing the discharge of the jury on April 26th, recites that "the consideration of the case was continued to this the 30th day of April, 1925." The record does not disclose what was to be considered, but there appears a motion filed April 29th by the defendant to modify the injunction respecting the custody of the children, a motion filed April 30th by the plaintiff for judgment, and a motion by the interveners filed April 30th for the custody of the children; also an order of the court as follows:

"Be it remembered that upon the 30th day of April, 1925, after the above numbered and entitled cause had been tried to a jury from the 22d day of April, 1925, until the 25th day of April, 1925, both inclusive, and after the jury had failed to agree upon the answers to two of the three special issues submitted to them, and after the said jury had been discharged, the defendant, Ruth Edwards, presented her verified motion for a modification of the injunction heretofore granted in this cause,

and for the custody of both of her minor children during the pendency of this suit, which said motion was filed herein on the 29th day of April, 1925. The court, having considered said motion, is of the opinion that said motion should be overruled. It is therefore ordered by the court that said motion be and the same is hereby in all things overruled, to which defendant duly excepted."

This record is in a state of great uncertainty and confusion, but it cannot be assumed that the trial court was considering nothing from April 26th to 30th, when the judgment was finally rendered. The custody of the children pendente lite, at least, was a proper matter for consideration. If there was nothing further with respect to the trial to be disposed of when the jury was discharged on the 26th, the court would have made and entered an order of mistrial and adjourned. But that was not done.

In our opinion, Railway Co. v. Muse, supra, strongly supports the view that the term did not expire by operation of law when the jury was discharged on April 26th. Succinctly stated, the facts in that case were as follows:

At the January term, 1917, of a district court of Dallas county, the case of Collier v. Gulf, Colorado & Sante Fé Railway Company was on trial. The term was about to expire. An order was entered on March 31, 1917, continuing the term until the pending trial was concluded. On April 11, 1917, a verdict was returned in favor of Collier for $4,000. On June 2, 1917, an order was made and entered, granting a motion for new trial presented by Collier. On the same day a motion was made by the railway company to set aside the order granting a new trial. This latter motion was held under consideration until October 5, 1917, when it was granted, and the order granting a new trial was set aside. On October 27, 1917, the Court of Civil Appeals by mandamus ordered Judge Muse, the trial judge, to proceed to trial and judgment; the Court of Civil Appeals being of the opinion that the trial of the cause was concluded when Collier's motion for new trial was granted, and the extended term of the trial court then ended, and the subsequent orders made in the case were without authority of law and void.

Upon mandamus proceedings in the Supreme Court, directed against Judge Muse, the Supreme Court rejected the view of the Court of Civil Appeals, and directed the enforcement of the original judgment for $4,000, and ordered Judge Muse to proceed no further with a new trial of the cause so long as said judgment remained unreversed. 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613. The Supreme Court held that the extended term did not expire upon the granting of Collier's motion for new trial.

[8] As we construe that opinion, we think

an extended term may continue in session within the limit fixed so long as there remains anything right and proper to be done with respect to the final disposition of the case which was on trial at the expiration of the time when the term would have expired, but for an extension under the statute. To hold otherwise would deprive the trial court of the right and power to correct ·erroneous orders and judgments which it may have rendered, and materially affect the rights of litigants whose cases have been finally disposed of during an extension period. We therefore hold that the term did not end by operation of law ·on· April 26th, and that the subsequent proceedings were not nullities, but valid until set aside by proper authority.

What has been said sufficiently disposes of all jurisdictional questions presented in the motion for rehearing. Being of the opinion that none of the grounds of the motion are well taken, the same is overruled.

Overruled.

### On Second Motion for Rehearing.

The jurisdictional question raised in this motion is overruled, under the authority of Slaughter v. Slaughter, 276 S. W. 724, by the Eastland Court of Civil Appeals.