Gordon Lee WINTON, Petitioner,

v.

John DAVENPORT, District Judge, et al., Respondent.

No. 16453.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 11, 1955.

E. W. Napier, Wichita Falls, for petitioner.

Nelson & Sherrod and Eugene Sherrod, Wichita Falls, for respondent Advance Oil Tools, Inc.

Judge John Davenport, Wichita Falls, pro se.

PER CURIAM.

On January 14, 1955, we denied this petitioner leave to file his petition because of the want of necessary parties. On January 22, 1955, petitioner filed a new motion for leave to file petition, to the same effect as that formerly filed, but with all necessary persons made parties to the original proceeding in this court.

It seems that in late 1953 and early 1954 the petitioner was the plaintiff in a cause pending on the docket of the 89th District Court. That cause was styled No. 52,762–C, Gordon Lee Winton vs. Advanced Oil Tools, Inc. The case was tried by Judge Louis T. Holland, Judge of the 97th District, comprising three counties, Clay, Archer and Montague. The 89th District is comprised of Wichita County only. Judge Holland had gone outside his own district and into the 89th District pursuant to lawful authority not here questioned. He rendered a judgment in Cause No. 52,762–C, and the plaintiff in that case, petitioner here, had filed a motion for new trial. Upon a hearing of that motion in Wichita County on May 12, 1954, Judge Holland orally announced from the bench that the motion was granted. Petitioner did not have a form of order prepared at the time. Judge Holland returned to his home district. On May 18, 1954, before the order setting aside the judgment and granting a new trial had been prepared, Judge Holland, at his office in Montague, in the 97th District, without the knowledge or consent of petitioner or his attorney, made and signed an order overruling his previous order granting petitioner's motion for new trial, and contrarily decreeing that the motion for new trial be overruled. This order was mailed to the Clerk of the 89th District Court and filed among the papers of the cause.

Upon a date which is not stated in the petition or motion, petitioner filed in the 89th District Court a motion that a judgment or order nunc pro tunc be entered in conformity with the oral order of Judge Holland on May 12, 1954. This motion was presented to Judge John Davenport, regular judge of the 89th District, and was by him overruled on November 16, 1954. The trial docket record of the 89th District Court, which showed said cause as one reset for

trial as of January 10, 1955, was corrected by a removal of the cause as one pending, it being the opinion of Judge Davenport that the judgment was one which had become final pursuant to the provisions of the Texas Rules of Civil Procedure.

■ The law is well settled to the effect that Judge Holland's act of May 18, 1954, would have been entirely proper, and would have operated to leave the case as one wherein the judgment entered would become final thirty days after said date under provisions of T.R.C.P. 330(*l*) had it been performed in Wichita County. Gulf, C. & S. F. Ry. Co. v. Muse, 1919, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613; 24 Texas Digest, Judgment—Opening or Vacating, ⬤ 341; During same term; 29 Texas Digest, New Trial, ⬤165, Vacating or setting aside order on motion for new trial. But it is the petitioner's position that Judge Holland's act of May 18, 1954, having been performed outside the 89th District, amounted to nothing in law, and that in so far as any proper record in the case would be concerned, the last order was that of Judge Holland on May 12, 1954, in which the new trial was granted.

■ The petitioner's contention, in substance, is that he had a cause of action, which is, or should be, still valid and subsisting on the docket of the District Court of Wichita County, Texas,—and that Judge Davenport is wrongfully refusing him his right to have the same tried. We believe that if Judge Davenport is refusing to try the case in the mistaken opinion that there is no such character of cause pending on the docket of his court, such would be in law the same as a wrongful refusal to proceed to trial in any other pending suit.

■ The petitioner wants the writ of mandamus to further require that the record be amended to show an order granting him a new trial and a reinstatement of the cause as a cause pending. Such relief would be merely incidental to the relief he truly seeks and therefore a right which would be automatically necessary should we sustain him in his prayer for fundamental relief under

T.R.C.S. art. 1824, Vernon's Ann.Civ.St. art. 1824. For this reason, we are of the opinion that our potential appellate jurisdiction would be involved and that T.R.C.S. Art. 1823, as well as Art. 1824, would apply, and that this court has jurisdiction to grant all the relief for which petitioner has prayed. The case of Ridley v. McCallum, 1942, 139 Tex. 540, 163 S.W.2d 833, does not have application.

■ Adverting to the question of whether the petitioner's cause of action is a case actually pending rather than a case which has been adjudicated, we are of the opinion that the act of Judge Holland on May 18, 1954, was valid; that it operated to set aside the order of May 12, 1954; and that the judgment became a final judgment 30 days thereafter. T.R.C.S. Art. 1919, controls. This Article was amended in 1951, Vernon's Ann.Civ.St. art. 1919, to provide that district judges sent outside their own judicial districts to preside in the trial of suits in foreign districts, were thereafter clothed with authority to sign any orders or decrees relative to such suits in the same manner as the regular judges could have done had they tried the suits themselves, whether done in the counties in which the suits actually pended or in the counties of the judges' home districts after their return thereto. Therefore, Montague County having been within the 97th Judicial District, Judge Holland had just as much authority on May 18, 1954, to act, as he did and where he did, as he had when he heard the motion for new trial in Wichita County on May 12, 1954, since both dates were within the calendar period during which he was empowered to act upon the motion. He had the same authority to act thereupon in the manner in question in Montague County as he would have had were the case considered as one which pended in Montague County, in his own district, from the date of its filing. Therefore, the judgment in question is a final judgment and petitioner has no cause of action pending.

Motion for leave to file petition for mandamus is denied.