SWIFT v. FARIS.

In a suit on an award, at Common Law, for a liquidated sum of money, judgment final by default may be rendered without the intervention of a jury.

A judgment may be amended under Section 132 of the Act of 1846, (Hart. Dig. Art. 786,) at the next Term of the Court.

Error from Guadalupe. The parties in this case submitted their matters of difference, to the arbitrament of two referees, chosen by themselves, not under the terms of our statute, but at Common Law. The petition alleged the submission, and set out the bond given by each of the parties, to abide by and perform the award. It set out the award, a failure on the part of the defendant to perform the award, and prayed judgment for the amount awarded to the plaintiff. The defendant failed to appear and answer the petition, and a judgment final by default was entered up against him, for the amount of the award, excepting that it did not include the interest, given by the referees, on the amount awarded. At the next Term of the Court, the judgment was, on motion of the plaintiff, of which the defendant had notice, amended, making it correspond with the award. The case was brought up by the defendant, on a writ of error; and the errors assigned were the rendering final judgment by default, without the intervention of a jury; and in allowing the amendment, at the subsequent Term of the Court.

Swift v. Faris.

*J. Ireland*, for plaintiff in error.

*W. B. Leigh*, for defendant in error.

LIPSCOMB, J. We believe there was no error in rendering final judgment, upon the default. There was nothing to be assessed by the jury, the award upon which the suit was brought, being for a certain and specific sum, as much so as if the suit had been founded on a judgment; and the award would have supported an action of debt, at Common Law.

Had the suit been brought, on the penalty. stipulated in the bond, for failure to perform the award, it would have been necessary to have impannelled a jury, to assess the actual amount due. We believe, therefore, that this objection is not well taken.

The second error assigned is, we believe, unavailable to the plaintiff in error. The amendment only made the judgment correspond with the award, and is, in principle, the same as making the judgment follow a verdict. Under Article 786 of Hartley's Digest, this amendment could have been made in vacation; and surely there can be no objection to its being made in Term time. The judgment is affirmed.

Judgment affirmed.