OF THE

# Supreme Court of Florida,

AT

## MARCH TERM, 1856,

### HELD AT TAMPA.

---

B. J. Hagler, Appellant, vs. John Mercer, Appellee.

Where a clerk had failed to enter judgment on an order of court to that effect at one term, it is proper to have it done thereafter at the next term.

Appeal from Hillsborough Circuit Court.

The opinion of the court contains a full statement of the facts presented by the record.

*James Gettis*, for Appellant.

*J. K. Glover*, for Appellee.

BALTZELL, C. J., delivered the opinion of the court.

John Mercer instituted his action to recover of the defendant Hagler the sum due on a promissory note for $350. The defendant filed a plea, which having been withdrawn, judgment was given by *nil dicit*, and a writ of enquiry was awarded to the clerk to assess the damages. This

was at April term, 1854. At that term the clerk died during the session of the court, having, however, entered a judgment formally, omitting and leaving a blank for the damages and amount as well as that of the costs, which it is admitted was not perfected on account of his death. At the next term, on application to the court, a judgment was entered, on motion, to supply this deficiency, inserting the amount due after an assessment by the clerk and completing the judgment as originally designed to be entered·

We have no hesitancy in saying that the court was right in granting the order asked for. It was but to complete that which had been left undone at the previous term through a dispensation of Providence, and not through the fault or laches of the party. The order was to the clerk to assess the damages and enter judgment. He omitted to assess the damages, and without this could not enter the judgment. The order, then, was unexecuted, and remained as a duty to be performed, without any further direction of the court, by his successor.

Nor was it necessary to give notice by *scire facias* to defendant. He had already admitted the debt in the declaration, the amount of the note, to be due. The addition of the interest to the principal—matter of calculation merely and purely ministerial in its character—was all that was required to ascertain the amount for which judgment should be entered. This calculation is not made on motion of the party; it is usually by the plaintiff's attorney for the clerk, or by himself without aid.

We have spoken of the judgment in this case as by *nil dicit*, and this is its proper appellation, although the term default is used in the order. The defendant had withdrawn his plea, and said nothing further—hence the judgment was against him. The substance is to be regarded, and not the form, in considering questions of this nature.

There are two judgments in the record : one entering the judgment as of the date of the 8th of November, 1854, to which our remarks are addressed, and which is the judgment directed to be affirmed ; the other is an entry of judgment *nunc pro tunc*, which it will be the duty of the judge below to order to be vacated.

The judgment will be affirmed with costs.