JACKSON R. MILLER ET AL. v. W. E. RICHARDSON ET AL.

1. A District Court has authority to enter *nunc pro tunc* an order of a former term, omitted from the minutes by mistake of the clerk.
2. There should be some memorandum in writing of such action among the papers of the cause, to authorize entry of such order or judgment of the former term.
3. The entry of the judge upon the motion docket at a former term is such memorandum as would authorize the entry of the same upon the minutes of a subsequent term.

ERROR from Henderson. Tried below before the Hon. John D. Scott.

On February 2, 1871, plaintiffs in error brought trespass to try title for certain lots in Athens, against the defendant in error, Richardson, whose warrantor, Warren, subsequently became party.

On July 12, 1871, there was a trial had, with verdict and judgment for plaintiffs.

The defendant, Richardson, on July 15, filed a motion for new trial.

The motion seems to have been heard and granted, the judge entering his action upon his docket. The order granting a new trial was not entered upon the minutes of the court.

A writ of possession issued, and on August 12 Richardson filed his bill for a new trial, obtaining an injunction against the writ of possession.

At the November term, 1871, the bill for new trial was dismissed.

Richardson, on the same day, filed a motion for a new trial, as follows:

"Now at this term of the court comes the defendant in the above entitled cause, and leave of the court being first had and obtained, files his motion to have an order granting him a new trial in said cause at the July term of said court entered upon the minutes of said court, *nunc pro tunc*. Defendant states that at the said term, to-wit, the July term of this court, the above cause was submitted to a jury, and that the jury returned into court a verdict against this defendant; that this defendant then and there, within the time prescribed by law, to-wit, July 15, 1871, filed his motion for a new trial in said cause, and that said motion for a new trial in said cause was heard and sustained by the court, and so entered upon the docket. Defendant further states that the clerk failed and neglected to enter up the decree granting him a new trial, as aforesaid. Premises considered, defendant moves the court to have said decree granting him a new trial, as aforesaid, entered up on the minutes *nunc pro tunc*, and that said cause may stand for trial as if said decree had been properly entered at the July term of this court."

This motion was granted by the court, the order recit-

ing "that it appearing to the satisfaction of the court that the court, at the last term, had granted a new trial in this case, on the consideration of the motion made at the last term for that purpose, and that the judgment of the court so granting a new trial had not been entered at that term by mistake and omission."

At a subsequent day of the term the case was called for trial, the plaintiff declining to participate. Judgment was rendered for defendant in error, Richardson, for the property in controversy.

Miller & Miller prosecute their writ of error.

*Thomas B. Greenwood,* attorney for appellants, cited Goss v. McLauren, 17 Texas, 114; Merle v. Anderson, 4 Texas, 200.

*T. J. Word,* for appellees.

OGDEN, P. J.—The material question presented for decision in this record is, has the District Court authority to enter *nunc pro tunc,* at a subsequent term, any order or judgment of that court made at a former term, but which, through the mistake of the clerk, or other person, was not spread upon the minutes of the court, and made a part of the record? Articles 49, 51 and 1245, Paschal's Digest, appear to have been passed expressly to confer such authority upon the district courts, and this court in McKay v. Speak, 8 Texas, 376, and in Swift v. Faris, 11 Texas, 18, clearly recognizes the authority conferred by statute. In Hagler v. Mercer, 6 Florida, 721, it is said, "The entry of the judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court, but the clerk has failed or neglected to copy it into the record."

Under the statute and decisions there must be some memorandum in writing among the papers of the cause to

authorize the entry of such order or judgment; and in the case at bar there was a memorandum in the motion docket, opposite the motion for a new trial, that the motion was sustained.    This memorandum is supposed to have been made by the presiding judge; and from the order and judgment entered at the subsequent term, there can be no doubt that the new trial was awarded at the previous term, but, by mistake, was not entered.    In Young v. Braxson, 23 Ala., 364, it is said that the memoranda entered by the judge upon the motion docket are competent evidence to show the action of the court; we are therefore clearly of the opinion that the court was fully authorized to enter the order *nunc pro tunc* complained of in this cause.    But it is claimed in the assignment of errors that the appellants had no legal notice of the motion for that purpose as required by law, and that therefore the order was a nullity.    There was notice by the service of the original bill, which contained the motion subsequently acted upon by the court; and though the transcript does not inform us of the date of the action of the court, in the dissolution of the injunction, yet we think it fair to presume that the action on the motion to enter the order granting a new trial, and the motion to dismiss the original bill for a new trial, were had at the same time, since the court could hardly have granted the one without having overruled the other in the same order.

There are no bills of exceptions, and no statement of facts.    The record before us is quite imperfect, and we are warranted in presuming in favor of the legality of the action of the court until the contrary appears.

And being unable to discover any such error in the action of the lower court, as would require a reversal of the judgment, it is affirmed.

AFFIRMED.