## HOME BEN. ASS'N OF HENDERSON COUNTY et al. v. BOSWELL et al.
### (No. 134.)

(Court of Civil Appeals of Texas. Waco. Jan. 15. 1925. Rehearing Denied Feb. 12, 1925.)

**1. Judgment ⬅455—New trial ⬅117(3)— Trial court without jurisdiction to grant new trial after term, but under equitable power may set aside judgment at subsequent term.**

After expiration of term at which judgment is rendered, trial court is without jurisdiction to hear and grant ordinary motion for new trial, though, in exercise of its equitable powers, it may at subsequent term set aside judgment and hear defenses.

**2. Appeal and error ⬅719(4)—Sustaining demurrer to petition to set aside judgment, if error, is fundamental error reviewable without assignment.**

Sustaining of demurrer to petition for court in exercise of its equitable powers to set aside judgment rendered at former term and hear defenses, if error, is fundamental error, which is reviewable without assignment.

**3. Judgment ⬅460(3)—Petition to set aside judgment at former term is demurrable for failure to excuse nonappearance at such term.**

Motion or petition invoking equitable jurisdiction of court to rehear case put in judgment at prior term, and modify or reverse such judgment, which fails to show reasonable excuse for failure to appear during such term, is insufficient and demurrable.

**4. Appeal and error ⬅874(4)—Appeal from order sustaining demurrer to petition to set aside judgment does not bring judgment before reviewing court.**

Appeal from order sustaining demurrer to petition seeking to invoke equitable powers of court to set aside judgment rendered at prior term does not bring such judgment before appellate court for review.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by the Home Benefit Association of Henderson County and others against Berry W. Boswell and others. Judgment on demurrer for defendants, and plaintiffs appeal. Affirmed.

W. D. Justice and J. J. Faulk, both of Athens, for appellants.

Clyde F. Winn, of Waxahachie, for appellees.

GALLAGHER, C. J. This is a proceeding instituted in the district court of Ellis county by Home Benefit Association of Henderson county, an unincorporated mutual benefit association, and W. G. Crumpler and six others, appellants herein, to set aside a judgment theretofore rendered against them by said court in favor of Berry W. Boswell and against J. B. Boswell and Dorothy Boswell, all appellees herein. The judgment complained of was rendered on the 5th day of October, 1922, at the September term of said court, which convened on the first Monday in September, and was required by law to remain in session until the first Monday in the succeeding December. R. S. art. 30, subd. 40. Such judgment purported to have been rendered on default of appellants, and a writ of inquiry was awarded. There was a jury trial and the amount of recovery fixed by verdict. This proceeding was instituted on the 6th day of January, 1923, at the next succeeding term of said court. It came on for hearing on May 7, 1923, on an amended pleading which appellants called a motion to set aside judgment and for a new trial. Appellees presented a general demurrer to said motion, which was sustained by the court. Appellants declined to amend, and the court dismissed said proceeding. Appellants present said action of the court for review by appeal.

[1] The rule that a trial court after the expiration of the term at which a judgment is rendered is without jurisdiction to hear and grant an ordinary motion for new trial is well established, and needs no citation of authorities in its support. While appellants called their said pleading a motion, it was in effect a petition invoking the equitable powers of the court to set aside the judgment rendered against them at the former term and hear their defenses to the cause of action asserted in said case. Osborn v. Younger (Tex. Com. App.) 235 S. W. 558. We will therefore so consider it.

[2] None of the assignments of error presented by appellants assail the judgment so sought to be set aside as absolutely void, nor contend that the court should have restrained its enforcement on such ground, nor was such relief prayed for in their said motion. Appellants' first five assignments complain of alleged errors in the rendition of said original judgment. The remaining four assignments complain of the failure of the court to set the same aside. All said assignments are submitted under a single proposition, the substance of which is that it is the duty of the court to set aside a judgment by default on motion made after the close of the term, when it appears: (a) That injustice has been done; (b) that the defendant in such judgment has a meritorious defense, which, if heard, would probably result in a different judgment; and (c) when the failure of the defendant to be present at the time of trial, and there present his defenses, was not the result of his negligence. There is no assignment complaining of the action of the court in sustaining the general demurrer to said motion. However, since such action, if error at all, was fundamental error, we will consider the case as though such an assignment were specifically made. City of San Antonio v. Talerico, 98 Tex. 151, 155, 81 S. W. 518.

It appears appellants have met the requirements set out in paragraphs (a) and (b) of their said proposition sufficiently, at least, to entitle them to have the court hear evidence as to the facts so alleged. It is not necessary to further discuss the same.

[3] The real deficiency in appellants' motion is in their attempt to excuse themselves from negligence after they learned that a judgment by default had been rendered against them. According to their allegations in such motion, they learned of the rendition of said judgment on November 1, 1922. The court at that time was required by law to remain in session until the first Monday in December, as heretofore shown. Appellants therefore had more than 30 days in which to prepare, file, present, and have acted upon a regular motion for a new trial in term time. There is an allegation in appellants' motion that they, on November 10, 1922, filed a motion to set said judgment aside. No such motion appears in the transcript as an exhibit to the pleading demurred to, or otherwise. Nothing is alleged concerning the contents of such motion. Neither is it shown whether the same was ever presented to the court or acted on in any way. Neither is there any allegation in said pleading attempting to excuse appellants from availing themselves of their legal remedy by appeal or writ of error. A motion or petition invoking the equitable jurisdiction of the court to rehear a case put in judgment at a prior term and to modify or reverse such judgment, which fails to show a reasonable excuse for such failure, is insufficient and subject to general demurrer. Bryorly v. Clark, 48 Tex. 345, 347, 348, 352; Johnson v. Templeton, 60 Tex. 238, 239; Kimmell v. Edwards (Tex. Civ. App.) 211 S. W. 284 (writ refused); Cook v. De La Garza, 13 Tex. 431, 444; Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818;

Goss v. McClaren, 17 Tex. 107, 115, 67 Am. Dec. 646; Caperton v. Wanslow, 18 Tex. 125, 132; Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 326; Texas Central R. Co. v. Hoffman (Tex. Civ. App.) 193 S. W. 1140, 1142; Ferguson v. Sanders (Tex. Civ. App.) 176 S. W. 782. The court did not err in sustaining appellees' general demurrer to appellants' said motion or petition.

[4] The filing of a motion insufficient in itself to invoke the equitable powers of the court to rehear the controversy between appellants and appellees, the sustaining of a demurrer thereto, and an appeal from such ruling, does not bring the original judgment by default so sought to be reopened before us for action in any way. Goss v. McClaren, 17 Tex. 107, 115, 67 Am. Dec. 646.

The judgment of the court is affirmed.