FRICK–REID SUPPLY CO. v. JONES et al.
(No. 11294.) *

(Court of Civil Appeals of Texas. Fort Worth. May 22, 1926. Rehearing Denied June 19, 1926.)

1. New trial ⟝117(3).

Trial court, after expiration of term at which judgment is rendered, is without jurisdiction to hear and determine motion for new trial, in view of Vernon's Ann. Civ. St. 1925, art. 2232.

2. Judgment ⟝273(4).

To authorize order or judgment nunc pro tunc at succeeding term, some entry or showing must have been made at previous term that judgment or order was then made.

On Motion for Rehearing.

3. New trial ⟝118—Where motion for new trial was made before end of term but not acted upon, nunc pro tunc order at beginning of succeeding term, purporting to extend former term for purpose of motion, held ineffective (Vernon's Ann. Civ. St. 1925, art. 1923).

Where case was tried and motion for new trial made before end of term, but was not acted upon, and no motion made in term to extend term for consideration of motion, nunc pro tunc order entered at beginning of succeeding term, purporting to extend term for purpose

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 3, 1926.

of disposing of motion, *held* ineffective, notwithstanding Vernon's Ann. Civ. St. 1925, art. 1923.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by the Frick-Reid Supply Company against J. E. Jones and others. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

Fischer & Fischer, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt and Heyser & Hicks, all of Wichita Falls, for appellees.

BUCK, J. This is an appeal by plaintiff below, denying it judgment against appellee, J. E. Jones, in a suit upon a series of notes, alleged to have been executed by and for the benefit of a partnership of which Jones was a member.

Appellee has filed a motion to dismiss the appeal, for want of jurisdiction in this court to entertain the same. The record discloses that the cause was tried at the March term of the Seventy-Eighth district court of Wichita county, and judgment rendered April 25, 1924, and an amended motion for new trial was filed April 30, 1924. The March term of the court adjourned May 3, 1924. The motion for new trial was not acted upon at the time of adjournment. The next term of the Seventy-Eighth district court in Wichita county, under the law, convened on the first Monday of September, 1924, or September 1. On September 24th, the court entered the following order:

"Now on the 30th day of April, 1924, it appearing to the court that the plaintiff has filed motion for new trial herein, and that this term is not of sufficient duration in which the court can properly consider and dispose of said motion for new trial. It is therefore ordered: That the term of this court shall be, and the same is hereby, continued as to this case until such time that the court can dispose of the plaintiff's motion for new trial herein, and it is so ordered.       E. W. Napier,

"Judge, 78th District Court.

"9/24/24.

"It is the order of this court that the foregoing order extending the term of court be entered nunc pro tunc as of April 30, 1924.

"E. W. Napier, Judge."

The motion for new trial was attempted to be overruled on September 24th.

[1, 2] It is urged that, in entertaining the motion for new trial on September 24, 1924, and in entering the nunc pro tunc order as of April 30th, the trial court acted without authority; and that all of the acts of the court with reference to said motion for new trial are null and void, and that the judgment rendered on April 25th is final. The record discloses that the same judge who tried the case entered the nunc pro tunc order and overruled the motion for new trial. Article 2232,

Vernon's Annotated Civil Statutes 1925 (article 2025, Rev. St. 1911; article 2025, Complete Tex. St. 1920; article 2232, Codification 1925), provides that a motion for new trial must be determined at the term of court to which it is made. The rule that a trial court, after the expiration of the term at which a judgment is rendered, is without jurisdiction to hear and determine an ordinary motion for new trial, is well established by the authorities. Home Ben. Association v. Boswell (Tex. Civ. App.) 268 S. W. 979; rule 71, for district and county courts, Harris Rules; McKean v. Ziller, 9 Tex. 58. For other authorities, see citation of authorities under article 2232, p. 167, vol. 7, Vernon's Annotated Texas Civil Statutes 1925. Nor do we think that the rule above mentioned can be avoided by a nunc pro tunc order made at the succeeding term. To authorize entry of an order or judgment nunc pro tunc at a succeeding term, some entry or showing must have been made at the previous term that the judgment or order was made at such prior term. Miller v. Richardson, 38 Tex. 500, 503. Nor do we think a nunc pro tunc order can be given the effect of overturning a statute.

Therefore we conclude that the motion to dismiss the appeal should be sustained, and the appeal is dismissed.

### On Motion for Rehearing.

[3] Appellant urges that article 1923, Vernon's Annotated Civil Statutes 1925, authorizes the continuance of a pending motion for new trial. The article reads as follows:

"Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. If the term is extended as herein provided, no term of court in any other county shall fail because thereof, but the term of court therein may be opened and held as provided by law when the district judge fails to appear at the opening of a term of court."

Appellant urges that under the holding in G., C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613, the trial of a cause is not concluded until the motion for new trial has been acted upon. Article 1923 was evidently passed by the Legislature to take care of an emergency, when the end of the term of court was reached with a trial of a case then in progress, as was the case of the G., C. & S. F. Ry. Co. v. Muse, supra. We do not believe that it was intended or should apply in a case like this, where judgment was rendered eight or nine days before the adjournment of the term, and the amended motion for new trial was filed four or five days before the term ended. Certainly we do not

believe that the article is applicable in a case like this, where no motion was made in term to continue the motion for new trial till the next term, nor any order made by the court to that end. But reliance is had on a nunc pro tunc order entered four months and twenty-one days after the end of the term in which the judgment was rendered.

The motion is overruled.