**BERNSTEIN et al. v. HIBBS et al.**
(No. 3204.)

Court of Civil Appeals of Texas. Amarillo.
March 27, 1929.

Rehearing Denied April 24, 1929. Application for Writ of Error Dismissed for Want of Jurisdiction Oct. 23, 1929.

Weeks, Morrow, Francis & Hankerson and Taylor, Muse & Taylor, all of Wichita Falls, for appellants.

E. W. Napier, of Wichita Falls, for appellees.

JACKSON, J. This suit was originally instituted in the district court of Wichita county, Tex., by Mrs. Annie Bernstein, a widow, as plaintiff, against Ralph Hibbs and his wife, Alta Hibbs, as defendants, to recover on certain notes and to foreclose a mechanic's lien on lots 19 and 20, in block 5 of the Sibley Taylor addition to the town of Wichita Falls, Tex., given to secure the payment of the notes. The plaintiff alleged the execution and delivery of the notes to W. Lee Moore and J. A. Richolt, the amount of the notes, their due dates, the rate of interest and attorneys' fees, the execution of the mechanic's lien and the transfer of said notes and lien, for a valuable consideration, to the plaintiff, and the execution of a valid agreement in writing by the plaintiff and defendants extending the payment of the notes. She also alleged default, etc.

The defendants answered jointly by general demurrer and general denial, and Alta Hibbs, answering for herself, pleaded coverture; that the property involved was the homestead of herself and husband; that the lien was void because neither the material nor labor mentioned in the mechanic's lien was used or intended to be used on said lots;

that the transaction by which the lien was given was simulated on the part of her husband, Sam S. Thorp, W. Lee Moore, and J. A. Richolt, to enable her husband to borrow money which had no connection with her homestead; that she was without business experience and relied on her husband and at the time of the execution of the instruments was ignorant of their legal effect; that the plaintiff acquired the lien after maturity of the notes with full knowledge of its invalidity.

By supplemental petition the plaintiff denied the invalidity of the lien; alleged that the defendants received the benefit of a large amount of labor and material by reason of said lien, that the balance of the money not used for labor and material was used for discharging a vendor's lien note against the premises, and that plaintiff was subrogated in equity to the rights of the legal owner and holder of the original vendor's lien; pleaded estoppel against the defendants because they were advised of her contemplated purchase of the notes and lien, and her agent was informed by Ralph Hibbs that the lien was valid and arranged for an extension of the payment of the notes, if purchased, which was granted, and that Alta Hibbs was also estopped by her words, acts, and silence, which led the plaintiff to believe the notes and lien were valid.

This is the second appeal in this case, and a more extended statement of the pleadings will be found in the case of Bernstein v. Hibbs et ux. (Tex. Civ. App.) 284 S. W. 234, in which the judgment of the trial court was reversed and the cause remanded.

The case was tried again in the district court of Wichita county, Tex., at its regular October term, 1926. On the answers of the jury to special issues submitted, the court, on December 17, 1926, rendered judgment in favor of the plaintiff, Annie Bernstein, against the defendants Ralph Hibbs and Alta Hibbs, for the sum of $2,654.66, with interest thereon from the date of the judgment until paid at the rate of 8 per cent. per annum and for costs of suit. He also decreed that the plaintiff was not entitled to a judgment foreclosing her asserted mechanic's lien against the lots involved in the controversy, and canceled and annulled said asserted lien.

The regular term of court at which the above verdict and judgment were rendered expired by limitation of law on January 1, 1927. On said date plaintiff presented her motion for a new trial, but requested that she be allowed time in which to procure the affidavit of Miss Carrie Finley, the notary public who took the acknowledgments of Hibbs and his wife to the original mechanic's lien, to the effect that both of the defendants executed and acknowledged said lien in her presence according to law. The court, on

said date, entered an order extending the October term of court for a period of 30 days for the purpose of making final orders in the case. The new term of court convened on January 3, 1927. This order of extension was made over the objection of the defendants.

On January 19, 1927, the plaintiff filed her amended motion for a new trial, asking that the judgment entered on December 17, 1926, at the regular October term of court, be set aside. On March 25th, thereafter, the court granted the plaintiff's amended motion and set aside the verdict and judgment of the court rendered at the regular October term.

On June 5, 1928, the heirs of the plaintiff Annie Bernstein suggested her death, and by leave of the court made themselves parties plaintiff; they also suggested the death of the defendant Ralph Hibbs and made his heirs codefendants with Alta Hibbs, his widow.

On June 14, 1928, the defendants filed their plea of res judicata, alleging that the cause had already been adjudicated ·by the court on the 17th day of December, 1926, at the regular October term of the court and a verdict of the jury and judgment of the court obtained and entered upon the minutes of the court and signed by the judge; that the October term of court convened on the first Monday in October, 1926, and expired and was adjourned on the 1st day of January, 1927, and that a new term of said court convened on January 3d thereafter; that on January 1st, the court, without authority of law, extended the October term of court for a period of 30 days, which order was entered of record; that the court set aside the verdict of the jury and the judgment of the court rendered at the regular October term of court on the 25th day of March, 1927, after the said regular October term of court had expired and after the lapse of more than 30 days from January 1, 1927, the date on which said regular term was extended for a period of 30 days, and therefore the order of the court on March 25th, granting a new trial and setting aside the verdict and judgment was without authority and void.

On June 14, 1928, the plaintiffs filed a motion, ·alleging that, during the 30-day period of the first extension of the regular October term, one of the attorneys for the plaintiffs advised the court that the affidavit of the witness Miss Carrie Finley had not been obtained, and the court stated that the term would be extended a sufficient time for the procurement of said affidavit; that by inadvertence the order was not entered of record, though it was pronounced in open court; and prayed that such order be entered nunc pro tunc, attaching to their motion the order desired.

Plaintiffs' motion was granted, and the court directed the entry upon the minutes of the court, the nunc pro tunc order requested by plaintiffs, which reads as follows:

"On this the 20th day of February, 1927, it appearing to the Court that an order extending the October term of the 1926 89th District Court of Wichita County, Texas, for thirty days, in the above entitled and numbered cause; and it further appearing to the Court that it is impossible to complete the trial of said cause within said time and enter orders necessary for the final disposition thereof;

"It is therefore, ordered, adjudged and decreed by the Court that said term be and the same is here and now further extended until the conclusion of said cause and that the same be entered in the minutes of the 89th District Court."

The defendants' plea of res judicata and attacking the authority and jurisdiction to grant the plaintiffs' motion for a new trial on March 25th was overruled and the case again went to trial. On the verdict of the jury in said last trial, which consisted of answers to special issues submitted, the court rendered judgment that the plaintiffs have and recover of and from the defendants their debt, interest, costs, and attorneys' fees, and decreed that the mechanic's lien was null and void, and refused a foreclosure thereof.

From this judgment, this appeal is prosecuted by the heirs of Mrs. Annie Bernstein.

At the inception of the consideration of this appeal, we are confronted with appellees' contention that the court erred in entering the judgment nunc pro tunc for the additional extension beyond 30 days of the regular October. term of court; because, if he was authorized on January 1st to extend the term 30 days in order for appellants to obtain the affidavit, which, at most, would only have shown cumulative testimony, the record shows that no order was made, during the regular term nor during the 30 days extension thereof, for any additional extension, and any order made after the expiration of said 30 days extension would be void, and the court was, therefore, without authority, on March 25, 1927, to set aside the verdict of the jury, and the judgment of the court rendered on December 17, 1926, and this appeal should be dismissed.·

In addition to the facts already revealed, it is shown that Miss Carrie Finley, the witness whose affidavit was sought, was in the hospital at the· time of the trial during the October term of court and not able to attend in person and not able to give her testimony by deposition. There is no contention that her testimony was newly discovered, and, so far as the record shows, no application for a continuance to obtain her testimony was made by appellant before going to trial on December 17th. The affidavit sought could have been obtained any time in January, 1927. It is conceded that there is no record testimony of the order of the court making a second or additional extension of the regular term of court, or of the extended term. The minutes of the court show that on January

1, 1927, no order was made or entered by the court except the order extending the regular term of court for 30 days. The court stated that he did recall that the term was extended for the purpose of getting Miss Finley's affidavit, but that he had no recollection of any subsequent conversation relative to an extension, and, when he granted the motion, had forgotten that it was after the 30-day extension had expired, and that he did not remember making any order for an additional extension. The parties agreed that this identical cause of action was tried on the 17th day of December, 1926, at the October term of the court; that the request for the extension on January 1st was made in the afternoon and the court was not engaged in the midst of the trial of any other matter and was not in the midst of the trial of this case; that the order of January 1st, extending the October term for 30 days, was entered on the minutes; that some time between said date and the 25th day of March, thereafter, appellants' attorney requested the court to grant an additional extension of time in order to procure said affidavit; that the court agreed to make such extension, but no memorandum of any kind was made thereof, and that on the 30th day of June, 1928, the court, on motion of appellants, made a nunc pro tunc order, which was entered as of date February 8, 1927. In the judgment of the court directing that the nunc pro tunc order be filed, it is recited that, it appearing to the court, after having heard said motion and proof, that he, in open court, extended the term until the completion of said cause, but that through inadvertence the same was not entered in the judgment records, and that he was of the opinion that the motion should be granted, and that said order should be filed nunc pro tunc, and directed the clerk to enter the order attached to appellant's motion.

It will be observed that the court does not find that a second order of extension was made during the 30-day period that the regular term of court was first extended; that the judgment heretofore copied recites that on this the 20th day of February, 1927, it appearing to the court, etc.

In our opinion, this testimony is insufficient to support a finding that any order of the court making a second extension of the October term of court was ever made, as there is no record testimony thereof, and the court's testimony is that he has no recollection thereof. However this may be, we think it manifest that no such second extension was made during the continuance of the 30-day extension made on January 1, 1927, as, on February 20th, said 30-day extension had expired.

Article 2232, Rev. St. 1925, provides, in substance, that new trials may be granted on motions made within two days after the rendition of the verdict, if the term continues so long, and, if not, then before the end of the term, and that such motion shall be determined at the term of court at which it is made.

The plaintiff filed her amended motion for a new trial on January 19, 1927, during the 30-day extension of the regular term. This motion was not acted on during that time, and no order for any additional extension was made during that time, and the regular term and the extension thereof had both expired before the motion for rehearing was granted.

Article 1923, Rev. St. 1925, provides that: "Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed."

In G. C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 898, 4 A. L. R. 613, Judge Greenwood, speaking for the Supreme Court, holds that the language of this article is sufficiently broad to include the action of the court on a motion for a new trial during such extended term, but that said article "authorizes, not the calling by the district judge of a new, distinct, or independent term, but merely the continuance of the same term, so that during the period of extension under the article the court necessarily possesses the same power as during the original term."

Under this holding, after the expiration of the 30-day extension by the court of the regular October term, he was without authority to make another order for an additional extension of time, because this would be equivalent to allowing him to call a new term of court to pass upon a motion for a new trial that the statute says must be determined at the term of court at which it is made.

"The rule that a trial court, after the expiration of the term at which a judgment is rendered, is without jurisdiction to hear and determine an ordinary motion for new trial, is well established by the authorities. Home Ben. Assn. v. Boswell (Tex. Civ. App.) 268 S. W. 979; Rule 71, for District & County Courts, Harris Rules; McKean v. Ziller, 9 Tex. 58. For other authorities, see citation of authorities under article 2232, p. 167, vol. 7, Vernon's Annotated Texas Civil Statutes, 1925." Frick-Reid Supply Co. v. Jones et al. (Tex. Civ. App.) 286 S. W. 650, 651.

It follows from what has been said that the district court was without authority to grant appellants' motion for a new trial on March 25, 1927, and set aside the verdict and judgment theretofore rendered on December 17, 1926, at the regular October term of said district court, and that, said judgment not having been set aside, the court was without authority to again try the case and render the

842

judgment from which this appeal is prosecuted.

Appellees' motion is granted, and the appeal is dismissed.